TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiffs,*
*Alan Norling,*

IN THE UNITED STATES DISTRICT COURT
FOR THE DIVISION OF ARIZONA

Alan Norling,

Plaintiffs,

vs.

Equifax Information Services, LLC
a Georgia corporation,
Trans Union, LLC
a Delaware limited liability company,
Capital One Bank, USA. NA,
a foreign national association,
Bank of America, N.A.
a national association,
Wells Fargo Bank, N.A.
a national association and
Chase Bank, USA, N.A.
a foreign national association,

Defendants.

Case No.:

**COMPLAINT**

**JURY TRIAL DEMAND**

NOW COME THE PLAINTIFF, ALAN NORLING, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.
2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"]).

**VENUE**

3. The transactions and occurrences which give rise to this action occurred in the City of Scottsdale, Maricopa County, California.

4. Venue is proper in the District of Arizona, Phoenix Division.

**PARTIES**

5. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Maricopa County, Arizona;

   b. Trans Union, LLC ("Trans Union"), which is a Delaware company that maintains a registered agent in Maricopa County, Arizona;

   c. Capital One Bank, USA ("Capital One"), which is a national banking association that maintains registered offices in Richmond County, Virginia;

   d. Bank of America, N.A. ("Bank of America"), which is a national banking association that maintains a registered agent in Maricopa County, Arizona;

   e. Wells Fargo Bank, N.A. ("Wells Fargo"), which is a national banking association that maintains a registered agent in Maricopa County, Arizona; and

f. Chase Bank, USA, N.A. ("Chase"), which is a national banking association that conducts business in Wilmington, Delaware.

## GENERAL ALLEGATIONS

6. The following furnishers are reporting multiple charge offs on Mr. Norling's Equifax credit file:

   a. Capital One with account number: 517805726971XXXX;
   b. Bank of America with account number: 6817900401XXXX; and
   c. Chase with account number: 438857603912XXXX.

7. The following furnishers are reporting multiple charge offs on Mr. Norling's Experian credit file:

   a. Capital One with account number: 517805726971XXXX;
   b. Wells Fargo Bank with account number: 6506500307678XXXX; and
   c. Chase with account number: 438857603912XXXX.

8. The following furnishers are reporting multiple charge offs on Mr. Norling's Trans Union credit file:

   a. Capital One with account number: 517805726971XXXX;
   b. Bank of America with account number: 6817900401XXXX; and
   c. Chase with account number: 438857603912XXXX.

9. The above trade lines are hereinafter referenced as "Errant Trade Lines."

10. These multiple charge offs are inaccurate in that they inaccurately reflect the account as having been charged off multiple times.

11. On or about November 22, 2015, Mr. Norling obtained a three-in-one credit report and noticed multiple charge offs on each Errant Trade Line.

12. On or about December 8, 2015, Mr. Norling submitted a letter to Equifax, Experian and Trans Union ("Credit Reporting Agencies" or "CRAs") disputing the multiple charge offs on his credit files.

13. Upon information and belief, the CRAs forwarded Mr. Norling's dispute to Capital One, Bank of America, Wells Fargo and Chase.

14. On or about December 25, 2015, Mr. Norling received Equifax's investigation results which showed the following furnishers retained the multiple charge offs on its Errant Trade Lines:

a. Capital One with account number: 517805726971XXXX;
b. Bank of America with account number: 6817900401XXXX; and
c. Chase with account number: 438857603912XXXX.

15. On or about December 29, 2015, Mr. Norling received Experian's investigation results which showed that the following furnishers retained the multiple charge offs on its Errant Trade Lines:

a. Capital One with account number: 517805726971XXXX;
b. Wells Fargo Bank with account number: 6506500307678XXXX; and
c. Chase with account number: 438857603912XXXX.

16. On or about January 19, 2016, Mr. Norling obtained his Trans Union credit file and it showed that the following furnishers retained multiple charge offs on its Errant Trade Lines:

a. Bank of America with account number: 6817900401XXXX;
b. Capital One with account number: 517805726971XXXX; and
c. Chase with account number: 438857603912XXXX.

**COUNT I**

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE**

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. After being informed by the CRAs of Mr. Norling's consumer dispute of the multiple charge offs on the Errant Trade Lines, Capital One negligently failed to conduct a proper investigation of Mr. Norling's dispute as required by 15 USC 1681s-2(b).

19. Capital One negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct the CRAs to remove the multiple charge offs on the Errant Trade Lines.

20. The Errant Trade Lines are inaccurate and creating a misleading impression on Mr. Norling's consumer credit files with the CRAs to which it is reporting such trade lines.

21. As a direct and proximate cause of Capital One's negligent failure to perform its duties under the FCRA, Mr. Norling has suffered damages, mental anguish, suffering, humiliation and embarrassment.

22. Capital One is liable to Mr. Norling by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

23. Mr. Norling has a private right of action to assert claims against Capital One arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Capital One for damages, costs, interest and attorneys' fees.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. After being informed by the CRAs that Mr. Norling disputed the accuracy of the information it was providing, Capital One willfully failed to conduct a proper reinvestigation of Mr. Norling's dispute.

26. Capital One willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b).

27. As a direct and proximate cause of Capital One's willful failure to perform its duties under the FCRA, Mr. Norling has suffered damages, mental anguish, suffering, humiliation and embarrassment.

28. Capital One is liable to Mr. Norling for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Capital One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. After being informed by Equifax and Trans Union of Mr. Norling's consumer dispute of the Errant Trade Line, Bank of America negligently failed to conduct a proper investigation of Mr. Norling's dispute as required by 15 USC 1681s-2(b).

31. Bank of America negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax and Trans Union to remove the multiple charge offs on the Errant Trade Line.

32. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Norling's consumer credit file with Equifax and Trans Union to which it is reporting such trade line.

33. As a direct and proximate cause of Bank of America's negligent failure to perform its duties under the FCRA, Mr. Norling has suffered damages, mental anguish, suffering, humiliation and embarrassment.

34. Bank of America is liable to Mr. Norling by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

35. Mr. Norling has a private right of action to assert claims against Bank of America arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Bank of America for damages, costs, interest and attorneys' fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA

36. Plaintiff realleges the above paragraphs as if recited verbatim.

37. After being informed by Equifax and Trans Union that Mr. Norling disputed the accuracy of the information it was providing, Bank of America willfully failed to conduct a proper reinvestigation of Mr. Norling's dispute.

38. Bank of America willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

39. As a direct and proximate cause of Bank of America's willful failure to perform its duties under the FCRA, Mr. Norling has suffered damages, mental anguish, suffering, humiliation and embarrassment.

40. Bank of America is liable to Mr. Norling for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Bank of America for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CHASE

41. Plaintiff realleges the above paragraphs as if recited verbatim.

42. After being informed by the CRAs of Mr. Norling's consumer dispute of the Errant Trade Line, Chase negligently failed to conduct a proper investigation of Mr. Norling's dispute as required by 15 USC 1681s-2(b).

43. Chase negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct the CRAs to remove the multiple charge offs on the Errant Trade Line.

44. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Norling's consumer credit file with the CRAs to which it is reporting such trade line.

45. As a direct and proximate cause of Chase's negligent failure to perform its duties under the FCRA, Mr. Norling has suffered damages, mental anguish, suffering, humiliation and embarrassment.

46. Chase is liable to Mr. Norling by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

47. Mr. Norling has a private right of action to assert claims against Chase arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Chase for damages, costs, interest and attorneys' fees.

**COUNT VI**

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CHASE**

48. Plaintiff realleges the above paragraphs as if recited verbatim.

49. After being informed by the CRAs that Mr. Norling disputed the accuracy of the information it was providing, Chase willfully failed to conduct a proper reinvestigation of Mr. Norling's dispute.

50. Chase willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b).

51. As a direct and proximate cause of Chase's willful failure to perform its duties under the FCRA, Mr. Norling has suffered damages, mental anguish, suffering, humiliation and embarrassment.

52. Chase is liable to Mr. Norling for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Chase for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT VII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO

53. Plaintiff realleges the above paragraphs as if recited verbatim.

54. After being informed by Experian of Mr. Norling's consumer dispute of the Errant Trade Line, Wells Fargo negligently failed to conduct a proper investigation of Mr. Norling's dispute as required by 15 USC 1681s-2(b).

55. Wells Fargo negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian to remove the multiple charge offs on the Errant Trade Line.

56. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Norling's consumer credit file with Experian to which it is reporting such trade line.

57. As a direct and proximate cause of Wells Fargo's negligent failure to perform its duties under the FCRA, Mr. Norling has suffered damages, mental anguish, suffering, humiliation and embarrassment.

58. Wells Fargo is liable to Mr. Norling by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

59. Mr. Norling has a private right of action to assert claims against Wells Fargo arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Wells Fargo for damages, costs, interest and attorneys' fees.

**COUNT VIII**

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO**

60. Plaintiff realleges the above paragraphs as if recited verbatim.

61. After being informed by Experian that Mr. Norling disputed the accuracy of the information it was providing, Wells Fargo willfully failed to conduct a proper reinvestigation of Mr. Norling's dispute.

62. Wells Fargo willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

63. As a direct and proximate cause of Wells Fargo's willful failure to perform its duties under the FCRA, Mr. Norling has suffered damages, mental anguish, suffering, humiliation and embarrassment.

64. Wells Fargo is liable to Mr. Norling for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Wells Fargo for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

**COUNT IV**

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

65. Plaintiff realleges the above paragraphs as if recited verbatim.

66. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Norling as that term is defined in 15 USC 1681a.

67. Such reports contained information about Mr. Norling that was false, misleading and inaccurate.

68. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Norling, in violation of 15 USC 1681e(b).

69. After receiving Mr. Norling's consumer dispute to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

70. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Norling has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

71. Equifax is liable to Mr. Norling by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest and attorneys' fees.

## COUNT X

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

72. Plaintiff realleges the above paragraphs as if recited verbatim.

73. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Norling as that term is defined in 15 USC 1681a.

74. Such reports contained information about Mr. Norling that was false, misleading and inaccurate.

75. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Norling, in violation of 15 USC 1681e(b).

76. After receiving Mr. Norling's consumer dispute to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

77. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Norling has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

78. Equifax is liable to Mr. Norling by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

## COUNT XI

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

79. Plaintiff realleges the above paragraphs as if recited verbatim.

80. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Norling as that term is defined in 15 USC 1681a.

81. Such reports contained information about Mr. Norling that was false, misleading, and inaccurate.

82. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Norling, in violation of 15 USC 1681e(b).

83. After receiving Mr. Norling's consumer dispute to the Errant Trade Lines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

84. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Norling has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

85. Trans Union is liable to Mr. Norling by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

**COUNT XII**

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

86. Plaintiff realleges the above paragraphs as if recited verbatim.

87. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Norling as that term is defined in 15 USC 1681a.

88. Such reports contained information about Mr. Norling that was false, misleading, and inaccurate.

89. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Norling, in violation of 15 USC 1681e(b).

90. After receiving Mr. Norling's consumer dispute to the Errant Trade Lines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

91. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Norling has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

92. Trans Union is liable to Mr. Norling by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

**JURY DEMAND**

Plaintiffs hereby demand a trial by Jury.

DATED: January 22, 2016

KENT LAW OFFICES

By: */s/ Trinette G. Kent*
Trinette G. Kent
Attorney(s) for Plaintiff,
Alan Norling